STATE OF NEBRASKA, APPELLEE, V. RUSSELL BILLINGSLEY,
APPELLANT.
233 N. W. 2d 783

Filed October 16, 1975. No. 39951.

Frank B. Morrison and Bennett G. Hornstein, for appellant.

Paul L. Douglas, Attorney General, and Jerold V. Fennell, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, MC-COWN, NEWTON, and CLINTON, JJ., and KUNS, Retired District Judge.

BOSLAUGH, J.

The defendant was charged with robbery and assault with intent to rob. Upon trial to the court he was found guilty of robbery and sentenced to imprisonment for 5 to 10 years. Upon appeal the sole issue is the sufficiency of the evidence to sustain the finding of guilty.

The record shows that Alma Holmberg, a woman 91 years of age, was assaulted and robbed in her home at 4331 Seward Street in Omaha, Nebraska, on the early afternoon of June 19, 1974. She testified that when she answered the door, two black boys were on the front porch. One of the boys entered the house although she told him to stay outside. She remembered nothing further until she was found on the floor by one of the neighbors after the boys had left. She was unable to identify the defendant as one of the boys.

Elvira Peterson lives directly across Seward Street from Mrs. Holmberg. Mrs. Peterson saw the boys open the screen door of Mrs. Holmberg's house and called the emergency number. When she saw the boys enter the house, and the drapes in the living room being closed, she requested emergency assistance. She saw the boys run from the Holmberg house and noticed that the taller boy was wearing a white T-shirt and light pants. The other boy had on a maroon colored T-shirt and darker pants that were multi-colored or striped. Mrs. Peterson went over to the Holmberg house and found Mrs. Holmberg lying on the floor in a pool of blood.

Saundra Muir lives on Seward Street in the fourth house east of Mrs. Holmberg. She heard a screen door slam and then saw the boys running east on Seward Street. One boy was wearing a reddish-colored shirt and some sort of multi-colored pants. She heard one boy say to the other, "We had better get out of here." They ran east on Seward Street and turned north on Military at the corner.

Judy Rae Carbaugh lives at 1602 Military. She noticed a 1962 beige Ford automobile with four boys in it going around the block several times and then stopping at a florist shop across the street from her house. She noted the license number of the car and noticed that three boys got out of the car. The car was driven away and then returned with another boy riding in the back seat. The car was stopped in the same place and the two boys then in the car kept looking to the west. After several minutes two boys came running down the street from the west. One boy had on a maroon shirt and the other appeared to have on a blue shirt. She heard one of the boys say, "We have got to get out of here." The car picked up the two boys who had been running and they drove north on Military.

Shortly thereafter, the car was found by the police at 45th and Grant, approximately 7 or 8 blocks from 43rd and Seward. A latent fingerprint on the right

front wing vent window was identified as that of the defendant.

Marshall Henderson testified that he, the defendant, and two other boys had been to see the probation officer at about noon on June 19, 1974. After they had been to see the probation officer they drove in Martin Mitchell's car, the 1962 beige Ford automobile identified by Mrs. Carbaugh, to about 45th and Seward Streets. Martin Mitchell was driving and the defendant was riding on the right side in the front seat.

When the car was stopped, Mitchell and the defendant got out of the car and went down the street in the opposite direction or behind the car. They were gone about 5 minutes and then came back in "kind of" a hurry. The defendant got back in the front seat on the right side and they drove away. They stopped the car at 45th and Grant when they heard a siren. They got out of the car and then went to Lake Street.

The issue in this case is identification. The record shows without dispute that a robbery occurred. The question is whether the evidence was sufficient to support a finding beyond a reasonable doubt that the defendant was one of the participants. The identification evidence is largely circumstantial. There was no direct positive identification of the defendant by any of the witnesses other than Henderson.

Circumstantial evidence is sufficient to sustain a finding of guilty if it is substantial. If the facts which the evidence tends to establish cannot be accounted for upon any rational theory which does not include the guilt of the accused, the evidence is sufficient to sustain a finding of guilty.

The evidence in this case placed the defendant in the Mitchell automobile near the scene of the crime at about the time the robbery was committed. The defendant and another boy left the automobile and returned about 5 minutes later in kind of a hurry. The testimony of Mrs. Peterson, Mrs. Muir, and Mrs. Carbaugh will sus-

tain a finding that the boys who committed the robbery returned to the Mitchell car which was then driven away.

There was a slight conflict in the testimony of Mrs. Carbaugh and Henderson as to the location of the Mitchell car when the boys were picked up after the robbery. This was a matter to be resolved by the trier of fact.

The evidence was sufficient to sustain a finding that the defendant was one of the participants in the robbery.

The judgment of the District Court is affirmed.

AFFIRMED.

CLINTON, J., concurs in the result.